**ANDERSON KILL P.C.**
7 TIMES SQUARE, 15TH FLOOR / NEW YORK, NY 10036 / 212.278.1000 / www.andersonkill.com

Jason Kosek, Esq.
jkosek@andersonkill.com
212.278.1028

August 12, 2026

Honorable Seth D. Eichenholtz
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re:** ***Defalco Construction Inc. v. Acrisure, LLC*, Case No. 1:26-cv-01251-SDE**

Dear Judge Eichenholtz:

The undersigned represents Plaintiff Defalco Construction Inc. ("Defalco") in the above-referenced matter. We write in response to Defendant Acrisure, LLC's ("Acrisure") letter filed at ECF 28. Acrisure correctly states that the Court reserved the determination of whether an initial conference was warranted based on the parties' briefing. Given that Acrisure now affirmatively requests a stay of discovery, Defalco submits this response to respond to the substance of that request.

"[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Khan v. New York City*, 757 F. Supp. 3d 327, 334 (E.D.N.Y. 2024) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). Rather, the party seeking to stay discovery must show "good cause," which supports "the Court's obligation 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* (quoting *Jakob v. JPMorgan Chase Bank, N.A.*, No. 22-CV-03921 (HG), 2023 WL 2386395, at *1 (E.D.N.Y. Mar. 7, 2023)); Fed. R. Civ. P. 26(c)(1).

To weigh "good cause," the Court must examine several factors, including:

> (1) whether there has been a strong showing that the claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay[;] (4) the nature and complexity of the action; and (5) the posture of the litigation.

*Khan*, 757 F. Supp. 3d at 334 (alteration in original) (citation omitted). These factors should be looked at in totality, but "there can be little doubt that simplification of the issues and prejudice to the opposing party are more important than the case's state of completion." *See id.* at 334-35 (quoting *OV Loop, Inc. v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023)).

These factors all weigh in favor of Defalco. As is further expounded in Defalco's opposition to Acrisure's motion to dismiss, Acrisure cannot provide a strong showing that all of Defalco's claims are unmeritorious. There is no "breadth of discovery" or burden on Acrisure to

respond; Defalco requests an initial conference so that the parties can set a roadmap on discovery. No requests are pending.

Defalco is prejudiced by the continued delay. Defalco's initial complaint was filed in the New York State Court on February 9, 2026. Now, over six months later, Defalco has still not had the opportunity to seek *any* discovery from Acrisure, including initial disclosures.

It is Acrisure's burden to establish "good cause" for its entitlement to a stay. It has not done so.

We thank the Court for its consideration of this matter and remain available to complete further briefing as requested by the Court.

Respectfully submitted,

*/s/ Jason Kosek*

Jason Kosek, Esq.

cc: All counsel of record (via ECF)